IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WINGED FOOT INVESTMENTS, INC., a Maryland Corporation, | ) ) ) | Civ. No. 10-00232 SOM-BMK |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO |
| vs. | ) ) | REMAND BE GRANTED IN PART AND DENIED IN PART |
| ELTON KAHALEPAUOLE LUM, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
REMAND BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff Winged Foot Investments, Inc.'s Motion to Remand Case to Circuit Court of the Third Circuit (Hilo) State of Hawaii or in the Alternative Entry of Default. The Court heard this Motion on July 16, 2010. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.

FACTUAL BACKGROUND

Plaintiff filed this action in state court on March 23, 2010. The Complaint alleges that Plaintiff is the owner of certain real property, which Defendants Elton Lum, Michealene Lum, and Elisha Lum improperly occupy.

(Complaint at 4-5.) Plaintiff asserts state law claims for trespass, slander, and ejectment. (Id. at 5-7.)

On April 21, 2010, Defendants removed the case to federal court, asserting that this Court has diversity jurisdiction over this action. (Notice of Removal at 2.) On May 7, 2010, Plaintiff filed the present Motion to Remand, arguing that removal is improper under the Forum Defendant Rule.

## STANDARD OF REVIEW

When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts strictly construe the removal statute against removal jurisdiction. Id. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Id. A defendant who has removed a case bears the burden of proving that removal is proper. Id.

## DISCUSSION

I.        The Forum Defendant Rule Requires Remand

Plaintiff argues that this action was improperly removed in light of the Forum Defendant Rule. (Motion at 3-4.) Plaintiff contends that, because "all Defendants are citizens of the State of Hawaii," the "forum defendant rule applies and this case must be remanded back to state court." (Id. at 4.)

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). "However, § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: 'such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)). This limitation is known as the Forum Defendant Rule. Id.

Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006). "The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." Id. "Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." Id.

In this case, Defendants' Notice of Removal indicated that removal was based on diversity jurisdiction: "this court has original jurisdiction over this action pursuant to 28 U.S.C. 1332." (Notice of Removal at 2.) Defendants concede that they "are citizens of the State of Hawaii." (Opp. at 2.) Inasmuch as

this case was brought in Hawaii state court and Defendants are citizens of Hawaii, removal of this case was improper under the Forum Defendant Rule. See Lively, 456 F.3d at 940; Spencer, 393 F.3d at 870.

Instead of addressing the Forum Defendant Rule, Defendants contend that removal was proper because their Answer, which has not yet been filed,[1] relates to violations of the Truth in Lending Act and therefore raises federal questions. (Opp. at 2.) However, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (emphasis added). The Court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Id. ("A suit arises under [federal law] only where the plaintiff's statement of his own cause of action shows that it is based upon those laws.").

Plaintiff's Complaint asserts claims for trespass, slander, and ejectment. (Complaint at 5-7.) These claims are state law claims and do not arise under federal law. See Fort Mojave Tribe v. Lafollette, 478 F.2d 1016, 1018 n.3 (9th Cir. 1973) (noting that "a long and unbroken line of Supreme Court decisions

---

[1] The deadline for Defendants to file their Answer has passed. Defendants say they "will submit a Motion for Leave to file their Answer to Complaint." (Opp. at 2.)

holds that the complaint in [an ejectment action] presents no federal question");

O'Phelan v. Loy, Civ. No. 09-00236 SPK-KSC, 2010 WL 2640152, at *1 n.2 (D. Haw. June 30, 2010) (noting trespass is a state law claim); Tomel. v. Jenkins, Civ. No. 09-00490 JMS-BMK, 2009 WL 4017144, at *4 (D. Haw. Nov. 20, 2009) (noting slander is a state law claim). Because the Court looks only to "allegations of the complaint and ignore[s] potential defenses," any federal law defenses asserted in the yet-to-be filed Answer does not remedy the improper removal of this case. Beneficial Nat'l Bank, 539 U.S. at 6. Accordingly, the Court finds and recommends that this improperly removed action be remanded to state court.

II.        Attorney's Fees and Costs

Plaintiff requests fees and costs under 28 U.S.C. § 1447(c), which authorizes the award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

Although the Court concludes that remand is proper and that Defendants' arguments lack merit, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065. Defendants removed this action based on 28 U.S.C. § 1441, which allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Because the parties are diverse, Defendants believed this Court had diversity jurisdiction over this case and sought removal. Although they were unaware of the Forum Defendant Rule, Defendants' removal of this action was objectively reasonable. Accordingly, the Court recommends that Plaintiff's request for fees and costs be DENIED.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Winged Foot's Motion to Remand Case to Circuit Court of the Third Circuit (Hilo) State of Hawaii or in the Alternative Entry of Default be GRANTED IN PART and DENIED IN PART.

DATED: Honolulu, Hawaii, July 16, 2010.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Winged Foot Inv. v. Lum, et al., Civ. No. 10-00232 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED IN PART AND DENIED IN PART.